FILED

2015 Feb-05 PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANNY JULIANO, on behalf of himself and all others similarly situated; | ) ) ) ) | |
| Plaintiff, | ) ) | 15-cv-_____ |
| v. | ) ) | |
| ANTHEM, INC. | ) ) | |
| Defendant. | ) ) ) | |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Danny Juliano, individually an on behalf of himself and all others similarly situated, by and through his attorneys, and files this Class Action Complaint against Defendant Anthem Inc., and hereby alleges as follows:

## PARTIES

1.     Plaintiff Danny Juliano, individually and as class representative, is a resident of Jefferson County, Alabama.

2.     Defendant Anthem, Inc. (hereinafter "Anthem") is an Indiana corporation with its principal place of business in Indiana and routinely conducts business in Alabama.

## JURISDICTION & VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and it is a class action brought by a citizen of a state that is different from the state where at least one defendant is incorporated or does business.

4.      Venue is proper in this judicial district under 28 U.S.C. §1391 because the Defendant does business throughout this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. At all times material hereto, Defendant was and is in the business of providing health insurance and paying medical bills on behalf of insureds throughout Alabama and this judicial district.

## INTRODUCTION

5.      This is a consumer class action lawsuit brought by Plaintiff Danny Juliano, individually and on behalf of all other similarly situated persons (i.e., the class members), whose personally identifiable information and, potentially, personal health information (e.g., patient names, addresses, birthdates, telephone numbers, and social security numbers and, possibly including, patient credit card, medical or clinical information) (hereinafter "PII/PHI") —which is considered protected under the Health Insurance Portability and Accountability Act

2

("HIPAA")—was entrusted to Defendant and was stolen, disclosed, and/or made accessible to hackers and identity thieves.

6.     As a result of Defendant's failure to implement and follow basic security procedures, the PII/PHI of over 80 million patients (including Plaintiff and the class he seeks to represent) is now in the hands of thieves.

7.     Plaintiff and Class Members now face a substantially increased risk of additional instances of identity theft and resulting losses, if not additional acts of identity theft and resulting losses.

8.     Plaintiff and Class Members are immediately and imminently in danger of sustaining some or further direct injury/injuries as a result of the identity theft they suffered when Defendant did not protect and secure his PII/PHI and disclosed his PII/PHI to hackers. These further instances of identity theft are certainly impending and imminent. The PII/PHI access, copied, and transferred from Defendant has all of the information wrongdoers need, and the American government and financial system requires, to completely and absolutely misuse Plaintiff's and Class Members' identity to their detriment.

9.     Consequently, Defendant's customers and former customers have or will have to spend significant time and money to protect themselves; including, but not limited to: the cost of responding to the data breach, cost of conducting a damage assessment, mitigation costs, costs to rehabilitate Plaintiff's and Class

Members' PII/PHI, and costs to reimburse from losses incurred as a proximate result of the breach.

10. Additionally, as a result of Defendant's failure to follow contractually-agreed upon, federally-prescribed, industry standard security procedures, Plaintiff received only a diminished value of the services he paid Defendant to provide.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff Danny Juliano is a customer of Anthem, Inc. and provided payment to Anthem, Inc. for certain services, part of which was intended to pay the administrative costs of securing his PII/PHI.

12. Plaintiff contracted for services that included a promise by Defendant to safeguard, protect, and not disclose his personal information and, instead, Plaintiff received services devoid of these very important protections.

13. The contract between Anthem and Plaintiff was intended to be performed in Alabama, contemplated providing payments for medical services in Alabama, was performed in Alabama, and paid for medical services in Alabama.

14. As a proximate result of Defendant's wrongful acts and omissions, Plaintiff and the Class Members have suffered injury, harm, and damages including but not limited to emotional distress, loss of monies paid to Defendant for services to protect and not disclose PII/PHI, and Plaintiff and Class Members have and will have to spend significant time and money to protect themselves; including, but not

4

limited to: the cost of responding to the data breach, cost of conducting a damage assessment, costs to obtain credit reports, costs to obtain future credit reports, cost for credit monitoring, costs for insurance to indemnify against misuse of identity, costs to rehabilitate Plaintiff's and Class Members' PII/PHI, and costs to reimburse from losses incurred as a proximate result of the breach. All of these damages are fairly traceable to Defendant's actions.

### HIPAA & HITECH ACT Requirements

15.    Under HIPAA and the HITECH Act, Defendant must implement policies and procedures to limit physical access to their electronic information systems and the facility or facilities in which they are housed, while ensuring that properly authorized access is allowed. *See* 45 C.F.R. §164.310.

16.    Specifically, Defendant must ensure the confidentiality, integrity, and availability of all electronic protected health information the covered entity or business associate creates, receives, maintains, or transmit; protect against any reasonably anticipated threats or hazards to the security or integrity of such information; protect against any reasonably anticipated uses or disclosures of such information that are not permitted. *See* 45 C.F.R. §164.306.

17.    Defendant must also implement technical policies and procedures for electronic information systems that maintain electronic PII/PHI to allow access only to those persons or software programs that have been granted access rights as

specified in 45 C.F. R. §164.308(a)(4). A few of these policies and procedures include, but are not limited to: implementing a mechanism to encrypt and decrypt electronic PII/PHI; implementing hardware, software, and/or procedural mechanisms that record and examine activity in information systems that contain or use electronic PII/PHI; implementing procedures to verify that a person or entity seeking access to electronic PII/PHI is the one claimed; implementing technical security measures to guard against unauthorized access to electronic PII/PHI that is being transmitted over an electronic communications network; implementing security measures to ensure that electronically transmitted electronic PII/PHI is not improperly modified without detection until disposed of. *See* 45 C.F.R. §164.312.

18.     When Defendant permits business associates to create, receive, maintain, or transmit electronic PII/PHI, it must ensure that those business associates comply with HIPAA and the HITECH Act. *See* 45 C.F.R. §164.314.

19.     Defendant must also conduct an accurate and thorough assessment of the potential risks and vulnerabilities to the confidentiality, integrity, and availability of electronic protected health information held by the covered entity or business associate; implement procedures to regularly review records of information system activity, such as audit logs, access reports, and security incident tracking reports; and implement procedures for guarding against, detecting, and reporting malicious software. *See* 45 C.F.R. §164.308.

20.    Defendant did not comply with any of the foregoing requirements.

**Defendant Did Not Protect Plaintiff's PII/PHI**

21.    Defendant did not comply with and, therefore, violated HIPAA and the HITECH Act.

22.    Defendant stored Plaintiff's PII/PHI in an unprotected, unguarded, unsecured, and/or otherwise unreasonably protected electronic and/or physical location.

23.    Defendant did not adequately encrypt, if at all, Plaintiff's PII/PHI.

24.    Defendant did not provide adequate security measures to protect Plaintiff's PII/PHI.

25.    On April 8, 2014, the FBI issued a Private Industry Notification to the healthcare industry warning, "Cyber actors will likely increase cyber intrusions against health care systems—to include medical devices—due to mandatory transition from paper to electronic health records (EHR), lax cybersecurity standards, and a higher financial payout for medical records in the black market. . . . the health care industry is not technically prepared to combat against cyber criminals' basic cyber intrusion tactics, techniques and procedures (TTPs), much less against more advanced persistent threats (APTs). The health care industry is not as resilient to cyber intrusions compared to the financial and retail sectors, therefore the possibility of increased cyber intrusions is likely. " The notification

continued to detail the value of Plaintiff's PII/PHI: "Cyber criminals are selling the information on the black market at a rate of $50 for each partial EHR, compared to $1 for a stolen social security number or credit card number. EHR can then be used to file fraudulent insurance claims, obtain prescription medication, and advance identity theft."

26.    Upon information and belief, both data breaches were solely for the purpose of stealing Plaintiff's identity by accessing, transferring, and copying the PII/PHI that Defendant electronically stored.

27.    The data accessed, copied, and transferred included information protected under the Health Insurance Portability and Accountability Act ("HIPAA") because it included patient names, addresses, birthdates, telephone numbers, and social security numbers and may have included patient credit card, medical, and/or clinical information.

28.    Upon information and belief, Defendant did not design and implement policies and procedures regarding the security of electronically stored PII/PHI.

29.    If Defendant did design and implement policies and procedures regarding the security of electronically stored PII/PHI, these policies and procedures failed to adhere to reasonable and best industry practices in safeguarding PII/PHI.

30. Upon information and belief, Defendant failed to encrypt, or adequately encrypt, Plaintiff's PII/PHI.

31. By failing to fulfill their promise to protect Plaintiff's PII/PHI, Defendant has deprived Plaintiff of the benefit of the bargain. As a result, Defendant cannot equitably retain payment from Plaintiff—part of which was intended to pay for the administrative costs of data security—because Defendant did not properly secure Plaintiff's information and data.

## CLASS ALLEGATIONS

32. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of himself and a Nationwide Class defined as follows:

33. **The Class**: Plaintiff brings this action on behalf of himself and a Nationwide Class of similarly situated individuals, defined as follows:

> All individuals in the United States that are current or former customers of Anthem, Inc. and its subsidiaries and/or affiliates and whose PII/PHI was wrongfully accessed, copied, and transferred between the time period of January 1, 2014 and February 5, 2015.

34. In the alternative, as necessary, Plaintiff proposes the following subclasses by state:

> All individuals in [NAME OF STATE] that are current or former customers of Anthem, Inc. and its subsidiaries and/or affiliates and whose PII/PHI was wrongfully accessed, copied, and transferred between the time period of January 1, 2014 and February 5, 2015.

35.     Excluded from the Plaintiff Class are (i) any judge presiding over this action and members of their families; (ii) Defendant, Defendant's subsidiaries, parents successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers and directors (iii) employees who (a) have or had a managerial responsibility on behalf of the organization, (b) whose act or omission in connection with this matter may be imputed to the organization for purposes of civil or criminal liability, or (c) whose statement may constitute an admission on the part of the organization; (iv) persons who properly execute and file a timely request for exclusion from the Class; (v) the attorneys working on plaintiff's claims; and (vi) the legal representatives, successors, or assigns of any such excluded persons, as well as any individual who contributed to the unauthorized access of the data stored by Defendant.

36.     **Numerosity.** Members of the Plaintiff Class are so numerous that their individual joinder herein is impracticable.  Although the exact number of Class Members and their addresses are unknown to Plaintiff, they are readily ascertainable from Defendant's records. Upon information and belief, there are at least 80 million class members. Class members may be notified of the pendency of this action by mail and/or electronic mail, and supplemented (if deemed necessary or appropriate by the Court) by published notice.

37.     **Typicality**. Plaintiff's claims are typical of the Class because Plaintiff

and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

38.    **Adequacy**. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interest of members of the Classes will be treated fairly and adequately protected by Plaintiff and his counsel.

39.    **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer

management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

40. **Commonality:** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members, and include, but are not limited to:

a. Whether Defendant was negligent in collecting, storing, protecting, and/or securing Plaintiff's and the Class Members' PII/PHI;

b. Whether Defendant was wanton in collecting, storing, protecting, and/or securing Plaintiff's and the Class Members' PII/PHI;

c. Whether Defendant took reasonable steps and measures to safeguard Plaintiff's and Class Member's PII/PHI;

d. Whether Defendant breached its duty to exercise reasonable care in handling Plaintiff's and Class Members' PII/PHI by storing that information in the manner alleged herein;

e. Whether Defendant disclosed Plaintiff's and Class Members' PII/PHI;

f. Whether implied or express contracts existed between Defendant, on the one hand, and Plaintiff and the Class Members on the other;

g. Whether Plaintiff and the Class are at an increased risk of identity theft or other malfeasance as a result of Defendant's failure to protect their PII/PHI;

h. Whether Defendant stored PII/PHI in reasonable manner under industry standards;

i. Whether protecting Plaintiff's PII/PHI was a service provided by Defendant;

j. Whether Defendant has unlawfully retained payment from Plaintiff and Class Members because of Defendant's failure to fulfill their agreement to protect, secure, keep private, and not disclose Plaintiff's and Class Members' PII/PHI;

k. Whether and to what extent Plaintiff and the Class Members have sustained damages.

l. Whether Defendant violated the FCRA;

m. Whether Defendant is a consumer reporting agency.

41.    Plaintiff reserve the right to revise Class definitions and questions based upon facts learned in discovery.

## COUNT ONE

## <u>UNJUST ENRICHMENT</u>

42.     Plaintiff hereby adopts and re-alleges only the factual allegations in all paragraphs set forth hereinabove as is fully set out herein.

43.     Defendant received payment from Plaintiff to perform services that included protecting, securing, keeping private, and not disclosing Plaintiff's and Class Members' PII/PHI.

44.     Defendant did not protect, secure, and/or keep private Plaintiff's and Class Members' PII/PHI and/or disclosed Plaintiff's and Class Members' PII/PHI, but retained Plaintiff's and Class Members' payments.

45.     Defendant has knowledge of said benefit.

46.     Defendant has been unjustly enriched and it would be inequitable for Defendant to retain Plaintiff's and Class Members' payments.

47.     As a result, Plaintiff and Class Members have been proximately harmed and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT TWO

## <u>MONEY HAD AND RECEIVED</u>

48.     Plaintiff hereby adopts and re-alleges only the factual allegations in all paragraphs set forth hereinabove as is fully set out herein.

49.     Defendant has received payment from Plaintiff and Class Members to perform services that included protecting and not disclosing Plaintiff's and Class Members' PII/PHI.

50.     Defendant did not protect Plaintiff's and Class Members' PII/PHI and/or disclosed Plaintiff's and Class Members' PII/PHI, but retained Plaintiff's and Class Members' payments.

51.     The law creates an implied promise by Defendant to pay it to Plaintiff and Class Members.

52.     Defendant has breached said implied promise.

53.     Defendant's breach has proximately caused Plaintiff and Class Members to suffer harm, injury, and damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT THREE

## BREACH OF CONTRACT (express and/or implied)

54.     Plaintiff hereby adopts and re-alleges only the factual allegations in all paragraphs set forth hereinabove as is fully set out herein.

55.     Plaintiff and Class Members paid money to Defendant in exchange for services, which included promises to secure, safeguard, protect, keep private, and not disclose Plaintiff's and Class Members' PII/PHI.

56.     In documents that memorialize the obligations of the parties, Defendant promised Plaintiff and Class Members that it would protect, secure, keep private, and not disclose their PII/PHI.

57.     These documents were provided in a manner and during a time where they became part of the agreement for services.

58.     Defendant promised to comply with all HIPAA standards and to make sure that Plaintiff's PII/PHI was protected, secured, kept private, and not disclosed.

59.     In the alternative, to the extent it was not expressed or, again in the alternative, an implied contract existed in the absence of an express contract whereby, Defendant promised to comply with all HIPAA standards and regulations and to ensure that Plaintiff's and Class Members' PII/PHI was secured, safeguarded, kept private, protected, and not disclosed to third parties.

60.    To the extent that it was not expressed, an implied contract was created whereby Defendant promised to safeguard Plaintiff's and Class Members' health information and PII/PHI from being accessed, copied, and transferred by or disclosed to third parties.

61.    In the alternative, an express contract did not exist, but an implied contract existed between the parties whereby, in exchange from monies from Plaintiff and class members, Defendant agreed to protect, safeguard, secure, keep private, and not disclose to third-parties Plaintiff's and class members' PII/PHI.

62.    Under the implied contract, Defendant was further obligated to provide Plaintiff and Class Members with prompt and sufficient notice of any and all unauthorized access and/or theft of their PII/PHI.

63.    Defendant did not secure, safeguard, protect, and/or keep private Plaintiff's and Class Members' PII/PHI and/or disclosed their PII/PHI to third parties and, therefore, breached its contract with Plaintiff and Class Members.

64.    Defendant allowed third parties to access, copy, and transfer Plaintiff's and Class Members' health information and PII/PHI and, therefore, breached its contract with Plaintiff and Class Members.

65.    Furthermore, Defendant's failure to satisfy their confidentiality and privacy obligations resulted in Defendant providing services to Plaintiff and Class Members that were of a diminished value.

66.    As a result, Plaintiff and Class Members have been harmed, damaged, and/or injured.

WHEREFORE, Plaintiff demand judgment against Defendant for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT FOUR

## NEGLIGENCE

67.    Plaintiff hereby adopts and re-alleges only the factual allegations in all paragraphs set forth hereinabove as is fully set out herein.

68.    Defendant requested and came into possession of Plaintiff's and Class Members' PII/PHI and had a duty to exercise reasonable care in securing, safeguarding, keeping private, and protecting such information from being accessed by and disclosed to third parties. Defendant's duty arose from the industry standards discussed above and its relationship with Plaintiff and Class Members.

69.    Defendant had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiff's and Class Members PII/PHI. The breach of security, unauthorized access, transfer of data, and resulting injury to Plaintiff and the Class were reasonably foreseeable, particularly in light of

Defendant's inadequate data security system and failure to adequately encrypt the data.

70.    Defendant had duties clearly defined by HIPAA and Defendant breached those duties.

71.    Defendant, through their actions and/or omissions, unlawfully breached their duty to Plaintiff and the Class Members by failing to implement standard industry protocols and/or exercise reasonable care in protecting, securing, keeping private, safeguarding, and not disclosing Plaintiff's and the Class Members' PII/PHI.

72.    Defendant, through its actions and/or omissions, breached its duty to Plaintiff by failing to have procedures in place to detect and prevent access to Plaintiff's and Class Members' PII/PHI by unauthorized persons.

73.    But for Defendant's breach of its duties, Plaintiff's PII/PHI would not have been access, copied, transferred, and/or disclosed.

74.    Plaintiff's and Class Members' PII/PHI was stolen and accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding, securing, protecting, and keeping private such information by adopting, implementing, and maintaining appropriate security measures and encryption.

75.     As a result, Plaintiff and Class Members have been harmed, damaged, and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT FIVE

## **WANTONNESS**

76.     Plaintiff hereby adopts and re-alleges only the factual allegations in all paragraphs set forth hereinabove as is fully set out herein.

77.     Defendant knew, was substantially aware, should have known, or acted in reckless disregard that Plaintiff and Class Members would be harmed if Defendant did not safeguard, secure, protect, keep private, and not disclose Plaintiff's and Class Members' PII/PHI.

78.     Defendant did not safeguard, secure, keep private, and/or protect and disclosed to third-parties Plaintiff's and Class Members' PII/PHI with a knowledge or consciousness that the action or failure to act will likely or probably cause harm or, in the alternative, with reckless indifference to the consequences.

79.     As a result, Plaintiff and Class Members have been harmed, damaged, and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

**COUNT SIX**

**<u>NEGLIGENCE PER SE</u>**

80.     Plaintiff hereby adopts and re-alleges only the factual allegations in all paragraphs set forth hereinabove as is fully set out herein.

81.     Defendant has violated HIPAA by:

a. Failing to ensure the confidentiality and integrity of electronic protected health information it created, receives, maintains, and transmits in violation of 45 C.F.R. § 164.306(a)(1);

b. Failing to implement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights in violation of 45 C.F.R. § 164.312(a)(1);

c.  Failing to implement technical policies and procedures that govern the receipt and removal of hardware and electronic media that contain electronic protected health information into and out of a facility to maintain their security in violation of 45 C.F.R. § 164.310(d)(1);

d.  Failing to implement policies and procedures to prevent, detect, contain, and correct security violations in violation of 45 C.F.R.  § 164.308(a)(1);

e.  Failing to identify and respond to suspected or known security incidents; mitigate, to the extent practicable, harmful effects of security incidents that are known to the covered entity in violation of 45 C.F.R.  § 164.308(a)(6)(ii);

f.  Failing to protect against any reasonably anticipated threats or hazards to the security or integrity of electronic protected health information in violation of 45 C.F.R. §  164.306(a)(2);

g.  Failing to protect against an reasonably anticipated uses or disclosures of electronic protected health information that are not permitted under the privacy rules regarding individually identifiable health information in violation of 45 C.F.R. §  164.306(a)(3);

h.  Failing to ensure compliance with the HIPAA security standard rules by its workforce in violation of 45 C.F.R. §  164.306(a)(94);

i.   Impermissibly and improperly using and disclosing protected health information that is and remains accessible to unauthorized persons in violation of 45 C.F.R. § 164.502 et seq.;

j.   Failing to effectively train all members of its workforce (including independent contractors involved in the data breach) on the policies and procedures with respect to protected health information as necessary and appropriate for the members of its workforce to carry out their functions and to maintain security of protected health information in violation of 45 C.F.R. § 164.530(b) and 45 C.F.R. § 164.308(a)(5); and

k.   Failing to design, implement, and enforce policies and procedures establishing physical and administrative safeguards to reasonably safeguard protected health information, in compliance with 45 C.F.R. § 164.530(c).

82.   Defendant's violation of HIPAA resulted in an injury to Plaintiff and Class Members.

83.   Plaintiff falls within the class of persons HIPAA was intended to protect.

84.   The harms Defendant caused to Plaintiff and Class Members are injuries that result from the type of behavior that HIPAA was intended to protect.

85.   As a result, Plaintiff and Class Members have been harmed, damaged, and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

**COUNT SEVEN**

**<u>BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING</u>**

86.     Plaintiff hereby adopts and re-alleges only the factual allegations in all paragraphs set forth hereinabove as is fully set out herein.

87.     Every contract contains a covenant of good faith and fair dealing that prohibits a contracting party from intentionally depriving the other contracting party of the fruits of the contract (the "Covenant").

88.     Through the conduct stated in this Complaint, Defendant has breached the Covenant.

89.     Defendant's acts and omissions deprived Plaintiff and Class Members from receiving the fruits of the agreement.

90.     Defendant's breach of the Covenant completely and proximately caused Plaintiff to suffer harm and damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and/or punitive damages, the sum to be determined by a jury, which

will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT EIGHT

## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>

91.     Plaintiff hereby adopts and re-alleges only the factual allegations in all paragraphs set forth hereinabove as is fully set out herein.

92.     The Fair Credit Reporting Act ("FCRA") requires consumer reporting agencies to adopt and maintain procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information. 15 U.S.C. § 1681(b).

93.     FCRA specifically protects medical information, restricting its dissemination to limited instances. See, e.g., 15 U.S.C. §§ 1681a(d)(3); 1681b(g); 1681c(a)(6).

94.     Defendant is a Consumer Reporting Agency as defined under FCRA because on a cooperative nonprofit basis and/or for monetary fees, Defendant regularly engages, in whole or in part, in the practice of assembling information on consumers for the purpose of furnishing Consumer Reports to third parties and/or

uses interstate commerce for the purpose of preparing and/or furnishing Consumer Reports.

95.   By collecting, gathering and storing information bearing on consumers' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, Defendant creates "consumer reports" on their patients, which they transmit to providers affiliated with Defendant to use for the purpose of establishing patient's ability to pay for health insurance and rate for insurance premiums, rendering each Defendant a "consumer reporting agency" under the FCRA.

96.   As a Consumer Reporting Agency, Defendant was (and continue to be) required to adopt and maintain procedures designed to protect and limit the dissemination of consumer credit, personnel, insurance and other information (such as Plaintiff's and Class Members' PII/PHI) in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy, and proper utilization of such information. Defendant, however, violated FCRA by failing to adopt and maintain such protective procedures which, in turn, directly and/or proximately resulted in the theft of Plaintiff's and Class Members' PII/PHI and its wrongful dissemination into the public domain.

97.   Plaintiff's and Class Members' PII/PHI, in whole or in part, constitutes medical information as defined by FCRA. Defendant violated FCRA by

failing to specifically protect and limit the dissemination of Plaintiff's and Class Members' PII/PHI into the public domain.

98.    As a direct and/or proximate result of Defendant's willful and/or reckless violations of FCRA, as described above, Plaintiff's and Class Members' PII/PHI was stolen and/or made accessible to unauthorized third parties in the public domain.

99.    As a direct and/or proximate result of Defendant's willful and/or reckless violations of FCRA, as described above, Plaintiff and Class Members were (and continue to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, mitigation costs, cost of conducting a damage assessment, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

100.   Plaintiff and Class Members, therefore, are entitled to compensation for their actual damages including, inter alia, (i) out-of-pocket expenses incurred to assess and mitigate the actual and increased risk of identity theft and/or identity fraud pressed upon them by the Data Breach; (ii) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (iii) deprivation of the value of their PII/PHI, for which there is a well-established national and international market; (iv) anxiety and emotional distress; and (v) statutory damages of not less than $100, and not more

than $1000, each, as well as attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. §1681n(a).

WHEREFORE, Plaintiff demand judgment against Defendant for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT NINE

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

101.   Plaintiff hereby adopts and re-alleges only the factual allegations in all paragraphs set forth hereinabove as is fully set out herein.

102.   In the alternative, and as described above, Defendant negligently violated FCRA by failing to adopt and maintain procedures designed to protect and limit the dissemination of Plaintiff's and Class Members' PII/PHI for the permissible purposes outlined by FCRA which, in turn, directly and/or proximately resulted in the theft and dissemination of Plaintiff's and Class Members' PII/PHI into the public domain.

103.   It was reasonably foreseeable that Defendant's failure to implement and maintain procedures to protect, keep private, and secure Plaintiff's and Class

Members' PII/PHI would result in an unauthorized third party gaining access to Plaintiff's and Class Members' PII/PHI for no permissible purpose under FCRA.

104.   As a direct and/or proximate result of Defendant's negligent violations of FCRA, as described above, Plaintiff's and Class Members' PII/PHI was stolen and/or made accessible to unauthorized third parties in the public domain.

105.   As a direct and/or proximate result of Defendant's negligent violations of FCRA, as described above, Plaintiff and Class Members were (and continue to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, mitigation costs, cost of a damage assessment, out-of-pocket expenses, anxiety, emotional distress, loss of privacy and other economic and non-economic harm.

106.   Plaintiff and Class Members, therefore, are entitled to compensation for their actual damages including, inter alia, (i) out-of-pocket expenses incurred to assess and mitigate the actual and increased risk of identity theft and/or identity fraud pressed upon them by the Data Breach; (ii) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (iii) deprivation of the value of their PII/PHI, for which there is a well-established national and international market; (iv) anxiety and emotional distress; and (v) statutory damages of not less than $100, and not more

than $1000, each, as well as attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. §1681o.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT TEN

## INVASION OF PRIVACY

107.   Plaintiff hereby adopts and re-alleges only the factual allegations in all paragraphs set forth hereinabove as is fully set out herein.

108.   Defendant's misconduct, as described herein, and failure to encrypt, protect, secure, keep private, or otherwise keep Plaintiff's PII/PHI confidential constituted an invasion of Plaintiff's privacy.

109.   Said PII/PHI is not a matter of public concern.

110.   Defendant's failures, acts, omissions, and/or misconduct resulted in an unreasonable intrusion into the private life and matters of Plaintiff and Class Members.

111.   Defendant's failures, acts, omissions, and/or misconduct constituted a public disclosure of private facts, the nature of which a reasonable person of ordinary sensibilities would find objectionable and offensive.

112.   As a direct result of Defendant's failures and misconduct, Plaintiff's and Class Members' PII/PHI was disclosed to the public.

WHEREFORE, Plaintiff demand judgment against Defendant for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT ELEVEN

## VICARIOUS LIABILITY

113.   Plaintiff hereby adopts and re-alleges only the factual allegations in all paragraphs set forth hereinabove as is fully set out herein.

114.   Defendant served as the employer and/or master of its employees, staff, or medical professionals.

115.   Defendant has vicarious liability for the acts and omissions of all persons or entities under Defendant's control either directly or indirectly, including their employees, agents, consultants, medical directors, and independent contractors, whether in-house or outside entities, individuals, agencies or pools

causing or contributing to the injuries, damage, and harm to Plaintiff and Class Members.

116. Further, Defendant's employees, staff, agents, or medical professionals were in the line and scope of employment when they performed of failed to perform acts and/or omissions alleged herein.

117. Additionally, the acts and/or omissions of Defendant's employees, staff, agents, or medical professionals performed or failed to perform were ratified by Defendant.

118. Defendant is vicariously liable for the acts of their employees, staff, agents, or medical professionals.

119. Such conduct was the proximate cause of Plaintiff's and Class Members' injuries, damage, and harm.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## RELIEF REQUESTED

120.   Certify this case as a class action on behalf of the Plaintiff Class and, if necessary, Subclasses as defined above, and appoint named Plaintiff as class representatives and undersigned counsel as lead counsel;

121.   Find that Defendant is liable under all legal claims asserted herein for their failure to safeguard, secure, protect, keep private, and not disclose Plaintiff and Class members' PII/PHI;

122.   Award injunctive and other equitable relief as is necessary to protect the interests of the Classes, including: (i) an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein, and (ii) requiring Defendant to protect all data collected through the course of its business in accordance with HIPAA and industry standards, (iii) lifetime consumer credit protection and monitoring services for Plaintiff; and (iv) lifetime consumer credit insurance to provide coverage for unauthorized use of Plaintiff's and Class Members' personal information, medical information, and financial information;

123.   Award damages, including statutory damages where applicable and punitive damages, to Plaintiff and the Classes in an amount to be determined at trial;

124.   Award restitution for any identity theft and misuse of identity, including, but not limited to payment of any other costs, including attorneys' fees

incurred by the victim in clearing the victim's credit history or credit rating, or any costs incurred in connection with any civil or administrative proceeding to satisfy any debt, lien, or other obligation of the victim arising as the result of Defendant's actions;

125.   Award restitution in an amount to be determined by an accounting of the difference between the price Plaintiff and the Class paid in reliance upon Defendant's duty/promise to secure its members' PII/PHI, and the actual services—devoid of proper protection mechanisms—rendered by Defendant;

126.   Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

127.   Award Plaintiff and the Class pre and post-judgment interest to the maximum extent allowable by law; and

128.   Award such other and further legal or equitable relief as equity and justice may require.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues in this action.

Respectfully submitted February 5, 2015,

/s/ Donald W. Stewart
Donald W. Stewart
Attorney for Plaintiff

OF COUNSEL:
Stewart & Stewart, PC
1021 Noble Street, Suite 110

Anniston, Alabama 36201
Phone: (256) 237-9311
Fax: (256) 237-0713

/s/ Greg W. Foster
Greg W. Foster

/s/ T. Dylan Reeves
T. Dylan Reeves
Attorneys for Plaintiff

OF COUNSEL:
Stewart & Stewart, PC
1826 3rd Avenue North, Ste. 300
Bessemer, AL 35020
Phone: (205) 425-1166
Fax: (205) 425-5959
E-mail: greg@stewartandstewar.net; dreeves@stewartandstewart.net